

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GREGORIO LARIOS-ORNELAS,<br>Defendant. | Case No.: 3:16-cr-00158-BTM<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 122]** |

Defendant Gregorio Larios-Ornelas is serving his 92-month sentence at Giles W. Dalby Correctional Facility ("DCF") for violation of 21 U.S.C. § 841(a)(1) (distribution of controlled substances). Larios-Ornelas now seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 122 ("Mot.")). The Court **DENIES** his motion without prejudice for the reasons below.

## I. BACKGROUND

On March 13, 2017, Larios-Ornelas pled guilty to distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). (ECF No. 118). He was sentenced to 92 months in Bureau of Prison ("BOP") custody to be followed by three years of supervised release. (ECF No. 121). To date, Larios-Ornelas has served about 85% of his sentence with a projected release date of August 11, 2022 with good time credits. (ECF No. 137-1 ("Ex. B"), 4).

On April 21, 2021, Larios-Ornelas requested compassionate release from the Warden due to COVID-19 concerns. (Mot., 16). While the Warden acknowledged that Larios-Ornelas had been diagnosed with medical conditions that "could possibly" make Larios-Ornelas more susceptible to COVID-19, he denied the request based on Larios-Ornelas's immigration status.[1] *Id.* at 15. On July 6, 2021, Larios-Ornelas moved pro se for compassionate release. The Court ordered Federal Defenders to represent Larios-Ornelas and supplement his motion. (ECF Nos. 124; 132 ("Suppl. Br.")). Larios-Ornelas claims that his health conditions combined with the risk of COVID-19 constitute "extraordinary and compelling circumstances" warranting release. Specifically, Larios-Ornelas suffers from Type 2 diabetes, high blood pressure, and high cholesterol.[2] (Mot., 4-5). The Government opposes Larios-Ornelas's motion. (ECF No. 136 ("Opp'n")).

Larios-Ornelas received the Janssen (Johnson & Johnson) vaccination on April 8, 2021. (ECF No. 152, 53) (under seal). As of October 14, 2021, there are no active cases of COVID-19 among inmates at DCF. *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited October 20, 2021).

On September 13, 2021, the Court held a hearing on Larios-Ornelas's motion. The Court determined that more information was needed as to Larios-Ornelas's medical conditions and how contracting COVID-19 may impact his health in light of his vaccination status. The Court held an evidentiary hearing on October 4, 2021 where the Court and the parties examined Dr. Jacob Reddick,[3] the Medical Director at DCF. (ECF No. 144). Following the evidentiary hearing, both parties filed supplemental briefings based on Dr. Reddick's testimony. (ECF

---

[1] Larios-Ornelas's immigration status has no impact on the Court's decision.
[2] In his original motion, Larios-Ornelas claimed his obesity rendered him high risk for COVID-19. (Mot., 4). Counsel for Larios-Ornelas later clarified and conceded that Larios-Ornelas's BMI of 29.5 did not put him in the obese category recognized as a heightened risk. (ECF No. 142 ("Tr. 1"), 3:12-14).
[3] The Court thanks Dr. Reddick for taking the time to appear via videoconference and for providing quality medical care to DCF inmates.

Nos. 146; 147).

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
> (i) extraordinary and compelling reasons warrant such a reduction
> ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court . . . [but] are not binding." *United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021). The defendant bears the burden to put forward evidence establishing an entitlement to a sentence reduction. *United States v. Bisel,* 2021 U.S. Dist. LEXIS 154200, *6 (S.D. Cal. Aug. 16, 2021).

## III. DISCUSSION

### A. Exhaustion

Thirty days have lapsed since Larios-Ornelas initiated the administrative remedy process. (Mot., at 16). Therefore, Larios-Ornelas has satisfied the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Larios-Ornelas claims his medical conditions – namely, his Type 2 diabetes – create a heightened risk to COVID-19 and warrant his release. Furthermore, Larios-Ornelas claims his vaccination status is insufficient to mitigate against his

heightened risk, especially in light of a new wave in the COVID-19 pandemic. (ECF No. 137 ("Reply"), at 6).

### 1. Type 2 Diabetes and COVID-19 Risks

Larios-Ornelas's diabetes has improved since arriving at DCF and is considered controlled and stable. (ECF No. 149 ("Tr. 2"), at 35-36; 38:5-7). In Dr. Reddick's opinion, Larios-Ornelas can further improve his condition through lifestyle habits like diet and exercise. While Larios-Ornelas does not have complete control over his food intake at DCF, Dr. Reddick confirmed that, with self-control, there is no reason his diabetes cannot remain stable while in custody. (*Id.* at 27:12-15). Larios-Ornelas is also taking 2,000 mg of Metformin per day to treat his diabetes. (*Id.* at 13:17-19). Although Type 2 diabetes is recognized as a COVID-19 risk factor, "courts have routinely concluded that chronic conditions that can be managed in prison—such as Type 2 diabetes—are not a sufficient basis for compassionate release." *United States v. Rodriguez-Olmos*, 2021 U.S. Dist. LEXIS 55968, *2 (S.D. Cal. Mar. 24, 2021).

Larios-Ornelas further claims the extreme pain in his groin area makes movement difficult and he would receive better care upon his release. Larios-Ornelas related these concerns to Dr. Reddick during an appointment on April 1, 2021. (ECF No. 152, 121) (under seal). Dr. Reddick immediately referred Larios-Ornelas to a urologist with whom he met on May 28, 2021.[4] (Tr. 2, at 30:15). The urologist diagnosed Larios-Ornelas with Peyronie's disease, which is not considered a condition with an increased risk of severe outcomes from COVID-19. (*Id.* at 44:13-14). Despite Larios-Ornelas's pain, Dr. Reddick explained that there are exercises Larios-Ornelas can do to improve his diabetes that would not make his pain worse. (*Id.* at 42:4-7). Notably, Larios-Ornelas has not shown that he

---

[4] Dr. Reddick noted the two-month wait time to see the urologist was a "relatively normal" wait period, even for someone outside of custody. (Tr. 2, 31-32). Moreover, Dr. Reddick provided Larios-Ornelas with pain relievers during the wait period to treat his pain. *Id.* at 31:6-9.

would receive better care or that his pain would improve upon his release. *See United States v. Green*, 2021 U.S. Dist. LEXIS 159964, *10 (S.D. Cal. Aug. 24, 2021) (denying compassionate release in part because petitioner presented no credible evidence he would receive better care outside of custody).

Moreover, Larios-Ornelas's medical records indicate he is otherwise receiving adequate medical care while in custody. (ECF No. 152) (under seal).

**2. Vaccination Status**

Larios-Ornelas received the Johnson & Johnson vaccine on April 8, 2021. Therefore, Larios-Ornelas's vaccination status significantly mitigates the risk that he will contract COVID-19, even considering his underlying conditions. *United States v. Grummer*, 519 F.Supp.3d 760, 763 (S.D. Cal. Feb. 16, 2021). Larios-Ornelas claims that, despite his vaccination, he remains at risk due to a new COVID-19 strain (the "delta variant"). (Suppl. Br., 8:8-11). However, Dr. Reddick confirmed that vaccination still provides protection against the delta variant and that Larios-Ornelas, as a vaccinated individual, has developed "some immunity to the virus and is at less risk of severe complications than he was prior to getting the vaccine." (Tr. 2 at 21:6-15). *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited October 19, 2021). Currently, there is no COVID-19 outbreak among DCF inmates. As for DCF staff infections, Dr. Reddick noted that to his knowledge there would only be "one or two at the most." (*Id.* at 45:13-14). The BOP and DCF have undergone vigorous efforts consistent with the Centers for Disease Control guidelines to ensure the safety of inmates. *See* https://www.mtctrains.com/wp-content/uploads/2020/04/CDC-Protocols-for-Prisons.pdf (last visited October 19, 2021). In that light, the Court does not find Larios-Ornelas's risk of contracting COVID-19 constitutes an extraordinary and compelling circumstance meriting release.

However, the Court may reconsider his motion if a COVID-19 outbreak occurs at DCF or Larios-Ornelas is unable to receive a vaccine booster to improve

his immunity. Larios-Ornelas does have diabetes and that makes him vulnerable to serious consequences from COVID-19. But he has been vaccinated, which lessens the risk, and the institution where he is confined does not have any current COVID-19 issues. So, extraordinary and exceptional circumstances do not presently exist. If that changes, and Larios-Ornelas is not provided with a booster, he can renew his motion and the Court will hear it on an expedited basis.

Because Larios-Ornelas has not provided extraordinary and compelling reasons meriting release, the court need not reach the § 3553 sentencing factors.

## IV. CONCLUSION

The motion for release under § 3582(c)(1)(A) (ECF No. 122) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: October 25, 2021

Honorable Barry Ted Moskowitz
United States District Judge